UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREN LOUISE JACKSON,

    Plaintiff,

v.                                              Case No. 3:23cv24538-MCR-HTC

ALEXANDRIA SHANKS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Columbian Life Insurance ("Columbian") filed this interpleader action against Karen Louise Jackson ("Jackson") and Alexandria Shanks ("Shanks"), seeking to interplead disputed benefits from a life insurance policy. The Policy Benefits were deposited with the Clerk of Court and Columbian was dismissed from this action, leaving the sole issue in the case the determination of whether Jackson or Shanks is the beneficiary of the policy. *See* Doc. 18. Pending before the Court is Jackson's motion for summary judgment. Doc. 18. Upon consideration of the motion, Shanks' opposition, Doc. 20, Jackson's reply, Doc. 21, and the relevant case law, the undersigned recommends the motion be **GRANTED**.

    **I.**    **UNDISPUTED RELEVANT FACTS**

    1.    On November 11, 2012, Mark Henry Shanks applied for a life insurance policy with Columbian (the "Application"). Doc. 18-3. On the Application, Jackson

was designated as the sole beneficiary, with no contingent beneficiary identified. *Id.*

2. The word "spouse" is written above Jackson's name on the Application. *Id.*

3. The Decedent signed the Application. *Id.*; Doc. 18-6.

4. On December 1, 2012, Columbian issued a life insurance policy with the Decedent as the Insured and bearing policy number 2021179905 (the "Policy"). Doc. 18-2.

5. The Policy provided a death benefit of $135,000. *Id.*

6. Although Jackson was not married to the Decedent at the time the application was made, Jackson and the Decedent had cohabitated on and off for 16 years. Doc. 18-4.

7. The Decedent did not remove Jackson as the beneficiary even though he and Jackson ended their relationship in 2015.[1] *Id.*

8. Decedent died on January 29, 2023. Doc. 18-5.

9. Shanks was unaware of the existence of the Policy until after Decedent passed. Doc. 18-6.

10. Premiums for the Policy were automatically paid from an account Decedent owned or controlled. Doc. 18-6.

---

[1] In Shanks' responses to Jackson's discovery, she contends Jackson moved out of the Decedent's home in 2014. *See* Doc. 18-6 at 4, 6.

11. Shanks and Jackson have both submitted a claim for the Policy benefits.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The Court must review the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (citation omitted). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted).

## III.  DISCUSSION

Jackson has moved for summary judgment, arguing that the undisputed facts show that she is the sole beneficiary under the Policy.  The undersigned agrees.  First, while Shanks does not believe the Decedent completed the Application, she admits he signed the Application.  Second, it is undisputed the Application identifies Jackson as the sole beneficiary.[2]  *See Beck v. W. Coast Life Ins. Co.*, 38 Cal. 2d 643, 646–47 (1952) (internal citations omitted) ("[b]ecause the beneficiary clause of a life insurance policy in which the insured has reserved the right to change beneficiaries is donative and testamentary in character, the intent of the insured as expressed by the language that [ ]he used should be given effect so far as possible"). Third, it is undisputed the Decedent never changed the beneficiary on the Policy. *See W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 938 (C.D. Cal. 2014), *as amended* (June 27, 2014), *aff'd sub nom. W. Coast Life Ins. Co. v. Clarke*, 650 F. App'x 439 (9th Cir. 2016) ("Generally, California law requires strict compliance with the terms of a life insurance policy in order to change the designated beneficiary, and no change is effectuated in the absence of such strict compliance.").

---

[2] In her interrogatory responses, Shanks takes issue with the designation of Jackson as the Decedent's spouse as the two were never married.  That description, however, does not alter Jackson's designation as the sole beneficiary of the Policy.  *See Waring v. Wilcox*, 8 Cal. App. 317, 318–21 (Cal. Ct. App. 1908) (insured's mistress was entitled to proceeds from his life insurance policy, even though he misrepresented to the insurer that she was his "wife").

Thus, under California law,[3] Jackson is the beneficiary of 100% of the benefits and no reasonable trier of fact would conclude otherwise. *See Hartford Life & Annuity Ins. Co. v. Doris Barnes Fam. 2008 Irrevocable Tr.*, 552 F. App'x 664, 665 (9th Cir. 2014) (quoting Cal. Ins. Code § 10110.1(b)) (cleaned up) ("[a]n individual has an unlimited insurable interest in his or her own life and may lawfully take out a policy and have the policy made payable to whomsoever he or she pleases, regardless of whether the beneficiary designated has an insurable interest").

Because Shanks is proceeding *pro se*, the Court issued a summary judgment advisory order to Shanks giving her 21 days to respond to the motion. Doc. 19. In that Order, the Court advised Shanks as to the summary judgment standard and that she "must dispute or contradict Plaintiff's arguments with evidence of a substantial nature, as distinguished from legal conclusions or mere allegations." *Id.* at 2. The Court further advised Shanks of the requirements under Fed. R. Civ. P. 56(d), including that (1) "[i]f affidavits or other evidence is unavailable, Defendant should indicate this by her own affidavit, specifying the reasons why, and she should file a motion for extension of time, if such is necessary to obtain the evidence" or (2) "[i]f Defendant is unable to present, by affidavit or other evidence, facts essential to

---

[3] "The doctrine of *lex loci contractus* directs that, in the absence of a contractual provision specifying the governing law, a contract (other than one for the performance of services) is governed by the law of the state in which the contract is made, i.e., where the last act necessary to complete the contract is done." *Fioretti v. Massachusetts Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995) (applying the principle to a life insurance policy dispute). Here, the Policy was issued in California, which is also where the Decedent resided when he executed the Application.

justify her opposition to Plaintiff's motion, then Defendant must file a sworn statement as to why she is unable to do so." *Id.* at 3.  Finally, the Court directed Shanks that, "[e]vidence filed by Plaintiff in support of the motion for summary judgment may be accepted as true by the Court if Defendant does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56." *Id.*

Despite the Court's Order, however, Shanks filed a one paragraph response to the motion, which was not sworn, and in which she simply states that she has "not had the opportunity to request discovery" and "is in the process of collecting declarations and documentations."  Doc. 20.  That response does not comply with the Court's Order or Rule 56(d).  Shanks does not explain why she has not requested discovery in the more than four months (4) since the Court issued its initial scheduling order, what discovery she needs, or how any such discovery will help her rebut Jackson's arguments.  *See Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021) (explaining that a Rule 56(d) movant cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact").

Shanks has, therefore, failed to present any evidence showing that the beneficiary designation in the Policy is invalid or that she is otherwise entitled to the Policy benefits or any portion thereto.  Thus, Jackson is entitled to judgment as a matter of law.

Accordingly, it is RECOMMENDED:

1. Jackson's Motion for Summary Judgment, Doc. 18, be GRANTED.

2. Judgment be entered in favor of Jackson.

3. The clerk be directed to remit the Policy Benefits to Jackson's counsel for the benefit of Jackson.

4. The clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of May 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**